IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JAMES BRENT WATTS,**

                              **Petitioner,**

              **v.**                                          **CASE NO. 22-3195-JWL-JPO**

**LUCIFER, et al.,**

                              **Respondents.**

## MEMORANDUM AND ORDER

Petitioner James Brent Watts is a pretrial detainee incarcerated at the Butler County Jail facing state criminal charges. He proceeds pro se on the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 that is now before the Court. Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Because Petitioner is proceeding pro se, the Court liberally construes the petition, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

The Court has reviewed the petition and concludes that it is substantively identical to the operative petition in *Watts v. Lucifer*, Case No. 22-3109-SAC, which is also pending before the Court. *See* Case No. 22-3109-SAC, Doc. 8, filed July 5, 2022. The Tenth Circuit has affirmed the dismissal of a § 2254 petition when "a previous petition filed by [the petitioner] was already pending and contained identical issues," reasoning that the second petition raised no new issues and could afford no additional relief. *See Herd v. Walker*, 986 F.2d 1427 (10th Cir. 1993) (unpublished). Because the grounds for relief in the current petition are identical to those in Petitioner's previously filed and still pending habeas matter in this Court, the current petition can afford Petitioner no relief.

Thus, the Court will dismiss this matter pursuant to Rule 4. *See id.* Accordingly, the motion for leave to proceed in forma pauperis (Doc. 2) will be denied as moot.

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability [(COA)] when it enters a final order adverse to the applicant."

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural rulings in this matter are not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without** prejudice under Rule 4. The motion for leave to proceed in forma pauperis (Doc. 2) is **denied as moot**. No certificate of appealability shall issue.

**IT IS SO ORDERED.**

DATED:   This 13th day of September, 2022, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge