## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JAMES BRENT WATTS,

                    Petitioner,

          v.                                          CASE NO. 22-3195-JWL-JPO

LUCIFER, et al.,

                    Respondents.

## <u>MEMORANDUM AND ORDER</u>

Petitioner James Brent Watts is a pretrial detainee incarcerated at the Butler County Jail facing state criminal charges. On September 6, 2022, he filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this matter. The Court reviewed the petition as required by Rule 4 of the Rules Governing § 2254 Cases and concluded that it is substantively identical to the operative petition in *Watts v. Lucifer*, Case No. 22-3109-SAC, which is also pending before the Court. *See* Case No. 22-3109-SAC, Doc. 8, filed July 5, 2022. Accordingly, the petition filed in this matter can afford Petitioner no additional relief, so on September 13, 2022, the Court dismissed this matter without prejudice under Rule 4. (Doc. 3 (citing *Herd v. Walker*, 986 F.2d 1427 (10th Cir. 1993) (unpublished)). On September 14, 2022, the Court received[1] from Petitioner a letter to the clerk and a "Motion to Correct Case No. and[/]or Filings to GOD Almighty's… [*sic*]" (Docs. 5 and 5-1.) In response to Petitioner's request for information about copies of court filings, the Court will direct the clerk to respond to Petitioner but the Court will address the remaining matters in this order.

Petitioner enquires about the meaning of the letters at the end of the case numbers. The letters indicate the judge or judges assigned to hear each case. In this case, the "JWL" indicates the

---

[1] Petitioner gave the documents to jail officials before the Court entered its order of dismissal, so they are deemed filed before the dismissal. See U*nited States v. Hopkins*, 920 F.3d 690, 696 n. 8 (10th Cir. 2019) ("Because [Petitioner] was a prisoner and filed his motion pro se, he may rely on the 'prison mailbox rule,' which makes the date on which he presented his motion to prison officials for mailing the filing date for timeliness purposes.").

undersigned, United States District Judge John W. Lungstrum. The "JPO" indicates Magistrate Judge James P. O'Hara, to whom certain motions filed in this case may be referred. In Petitioner's other habeas matter currently pending in this Court, the "SAC" indicates United States Senior District Judge Sam A. Crow, to whom that case is assigned. The Court appreciates Petitioner's inclusion of additional pages for the Court's use if correction of the case number is required, but no such correction is necessary. The case numbers assigned to Petitioner's respective cases accurately reflect the judge or judges assigned to each case.

Relatedly, Petitioner asserts that the judges assigned to this matter, the case number of this matter, and the "date on the file stamp" must be changed in order to comply with Petitioner's religious beliefs. Petitioner provides no legal authority that supports his request. The Court also notes that, as pointed out in Petitioner's other habeas matter, there is at least some legal authority that supports the denial of Petitioner's requests. *See* Case No. 22-3109-SAC, Doc. 20 (filed Sept. 13, 2022) (quoting *Bowen v. Roy*, 476 U.S. 693, 699-700 (1986) (holding that the Free Exercise Clause "does not afford an individual a right to dictate the conduct of the Government's internal procedures")). Accordingly, the Court will deny Petitioner's motion to alter the case number, the assigned judges, and the file-stamp dates.

**IT IS THEREFORE ORDERED** that Petitioner's motion (Doc. 5) is **denied.** The clerk is directed to inform Petitioner about the cost and procedures for obtaining copies of his filings.

**IT IS SO ORDERED.**

DATED:   This 14th day of September, 2022, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge

2