IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES BRENT WATTS,

                    **Petitioner,**

     v.                                                        **CASE NO. 22-3195-JWL-JPO**

**LUCIFER, et al.,**

                    **Respondents.**

## MEMORANDUM AND ORDER

On September 6, 2022, Petitioner James Brent Watts filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this matter. The Court reviewed the petition as required by Rule 4 of the Rules Governing § 2254 Cases and concluded that it was substantively identical to the operative petition in *Watts v. Lucifer*, Case No. 22-3109-SAC, which was also pending before the Court. *See* Case No. 22-3109-SAC, Doc. 8, filed July 5, 2022. Accordingly, because the petition filed in this matter could afford Petitioner no additional relief, the Court dismissed this matter without prejudice under Rule 4. (Doc. 3 (citing *Herd v. Walker*, 986 F.2d 1427 (10th Cir. 1993) (unpublished)). The following day, the Court received a motion from Petitioner asking that the judges assigned to this matter, the case number of this matter, and the "date on the file stamp" be changed in order to comply with Petitioner's religious beliefs. (Doc. 5.) That motion was denied because Petitioner provided no legal authority for his requests and the Court's independent research revealed at least some caselaw that indicated such requests need not be granted. (Doc. 6.)

On October 19, 2022, the Court received a motion for reconsideration of its most recent order. (Doc. 7.) The Court denied the motion. (Doc. 8.) The clerk mailed the order denying reconsideration to Petitioner at his address of record on October 20, 2022, but it was returned to this Court on October 28, 2022, with an indication that Petitioner was no longer at that address. (Doc.

9.) On November 14 and December 9, 2022, Petitioner filed in this case notices of change of address. (Docs. 10 and 11.)

On December 28, 2022, Petitioner filed the motion for reconsideration which is now before the Court. (Doc. 12.) Liberally construing the motion, as is appropriate because Petitioner proceeds pro se, Petitioner asks the Court to reconsider all orders "against" him in this matter because under Petitioner's religious beliefs, the case numbers assigned to this and two state-court cases indicate that Petitioner has full authority over the number 9. Therefore, Petitioner asserts, any orders issued in this case that were adverse to him are null and void and must be "corrected" so this action may proceed. *Id.*

Local Rule 7.3 provides that "[e]xcept for motions under Fed. R. Civ. P. 59(e) or 60, parties seeking reconsideration of a court order must file a motion within 14 days after the order is served unless the court extends the time." D. Kan. Rule 7.3. The Court's most recent order in this matter was on October 20, 2022. Nearly two months passed before December 17, 2022, when Petitioner gave the motion now before the Court to jail officials for mailing. (*See* Doc. 12, p. 4.) Petitioner has sought no extension of time to file the current motion, so it is not timely as a motion to reconsider under Local Rule 7.3.

Rule 59 motions to alter or amend a judgment must be filed within 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). Judgment in this case was entered on September 13, 2022, more than 8 days before December 17, 2022, when Petitioner submitted the current motion for mailing. "[A] court may not extend the time to act under Rule 59(e)." *Solidfx, LLC v. Jeppesen Sanderson, Inc.*, 823 Fed. Appx. 559, 568 n. 4 (10th Cir. 2020) (citations omitted); *see also Bannister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (noting no extensions are allowed for Rule 59 motions). Thus, the current motion cannot succeed even if construed as being brought under Rule 59.

Under Rule 60(b), which has a more lenient timeline for filing, the Court may order relief from a final judgment, but only in exceptional circumstances. See *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). Specifically, Rule 60(b) states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Petitioner's current motion for reconsideration suffers the same fatal flaw as his previously denied motions--he bases it solely on his religious beliefs and his analysis in light of those beliefs. Petitioner has not identified any legal reason for the Court to reconsider its previous rulings and reopen this matter. As the Court has previously advised Petitioner, the United States Supreme Court has held that the Free Exercise Clause "does not afford an individual a right to dictate the conduct of the Government's internal procedures." *Bowen v. Roy*, 476 U.S. 693, 699-700 (1986). (*See* Doc. 6, p. 2 (citing another case brought by Petitioner in which this language was pointed out to him).) Petitioner has not identified the type of exceptional circumstances that warrant relief under Rule 60(b).

**IT IS THEREFORE ORDERED** that Petitioner's motion for reconsideration (Doc. 12) is **denied.** This case remains closed.

**IT IS SO ORDERED.**

DATED:   This 29th day of December, 2022, at Kansas City, Kansas.


S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge